UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 08-60516-CIV-COHN/SELTZER

MICHAEL L. SCOTT,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff's Complaint, filed on April 10, 2008 [DE 1] and Plaintiff's Motion to Proceed In Forma Pauperis [DE 2]. The Court has considered the Complaint and Motion, and is otherwise fully advised in the premises.

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915. When a Plaintiff wishes to proceed *in forma pauperis*, the Court is required to dismiss the case at any time if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) (2008).

The allegations in Mr. Scott's Complaint appear to arise out of his involuntary commitment for a mental health examination pursuant to the Florida Mental Health Act of 1971, or "Baker Act." In his Complaint, Mr. Scott alleges that the Federal Bureau of Investigation failed to take action on a false arrest complaint he made against the Broward Sheriff's Office. Mr. Baker alleges that his involuntary commitment was illegal, and that the Federal Bureau of investigation should be liable for attorney's fees needed to "undo all that was done to [him] by police" as well as funds for his "protection

and living," based on the Bureau's failure to act on his complaints regarding the Broward Sheriff's Office. Mr. Scott also alleges that the Bureau agents insulted him and insisted he would be attacked by police or terrorists if he proceeded in his efforts.

A review of the Complaint reveals that Plaintiff fails to assert any valid basis for this Court's subject matter jurisdiction. Mr. Scott's claimed basis for this Court's jurisdiction is 28 U.S.C. § 2680.[1] This section provides that the jurisdictional provision of 28 U.S.C. § 1346(b), "shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" with regard to the acts or omissions of investigative or law enforcement officers of the United States Government. 28 U.S.C. § 2680(h) (2008). Section 1346(b) provides that district courts have jurisdiction over "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (2008). However, nowhere in his Complaint does Mr. Scott make any allegations that the Federal Bureau of Investigation agents themselves are liable for false arrest. Rather, he asserts that the Broward Sheriff's Office employees are responsible, and that the FBI has simply

---

[1] On the Civil Cover Sheet appended to his Complaint, Mr. Scott identifies 26 U.S.C. § 2680 as the relevant statute under which he is filing. In light of the fact that there is no Section 2680 under Title 26 of the United States Code, as well as the fact that Title 26 comprises the Internal Revenue Code, the Court concludes that this notation is in error, and Mr. Scott intended to refer to 28 U.S.C. § 2680.

"refused to take action." Accordingly, the Court concludes that the Complaint does not assert a proper basis for subject matter jurisdiction, and the Court is therefore required to dismiss the Complaint pursuant to 28 U.S.C. § 1915.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [DE 1] is **DISMISSED** for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915.

2. Any pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of April, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record